UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| YOUNG BLACK LION, as a Fiduciary Guardian for Desean Lamont Thomas also known as Forever Elamen Ispharoah,<br><br>    Plaintiff,<br><br>v.<br><br>TOM ROYS DEPARTMENT OF CORRECTION, DAKOTA COUNTY, RAMSEY COUNTY, PINE COUNTY, CHISAGO COUNTY, MINNESOTA DEPARTMENT OF HEALTH, HENNEPIN COUNTY, MINNESOTA DEPARTMENT OF REVENUE, MINNESOTA JUDICIARY, MINNESOTA LEGISLATURE, MINNESOTA EXECUTIVE BRANCH, MINNESOTA PUBLIC DEFENDER, MINNESOTA DEPARTMENT OF PUBLIC SAFETY, WASHINGTON COUNTY, MINNESOTAS BCA, Executive Officers O' Each Entity are Sued in Both Individual & Official Capacities,<br><br>    Defendants. | Civ. No. 17-4724 (JNE/BRT)<br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Young Black Lion's application to

proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) For the reasons outlined below, the

Court recommends that the IFP application be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's Complaint is not "short and plain" or "simple, direct and concise." The Complaint is incomprehensible. The Complaint section reads as follows:

> ON OR ABOUT 2009.02.27 TIL PRESENT TIME ALL DEFENDANTS 1-15 PROMOTES & PROMOTED, THE DEMIS O' FOREVER ELAMEN ISPHARAOH AKA DESEAN LAMONT THOMAS, AS A RESULT O' THEIR CULPABLE IGNORANCE.
>
> ON OR ABOUT 2017.08.04 CHISAGO COUNTY BY WAY O' THIEVERY CONFISCATED FOREVER ELAMEN ISPHARAOHS 14TH AMENDMENT SHIELDS & DEFAULTED ITS FIDUCIARY OBLIGATIONS, FURTHERMORE THE ENTITY COMMITTED THE CRIME O FRAUD WHEN IT, INTENTIONALLY OBSTRUCTED, THE PROCESS O' JUSTICE AS A PRINCIPAL IN THE 1ST DEGREE. LIKEWISE PINE COUNTY, WASHINGTON COUNTY & HENNEPIN COUNTIES ACTED AS PRINCIPALS IN THE 2ND DEGREE, IN FURTHERANCE O' THE ACTIONS STATED SUPRA. OTHER ACCOMPLICES WERE DEFENDANTS ONE & NINE
>
> Y.B.L OFFERED SERVICES & ASSISTANCE TO THE DEPARTMENT OF CORRECTIONS APPROX…. 2017.02.21 FREE O' CHARGE, AS THE ENTITY CLAIMS TO BE A DEPT OF CORRECTIONS, DEVOTED TO ASSISTING INDIVIDUALS IN CORRECTION, THE AGENCY VIOLATED Y.B.LS' RIGHTS, IN WHICH RESULTS O' DESTRUCTION MANIFESTED UPON THE MASSES O' ORIGINAL MAN.
>
> THE DEPARTMENT OF CORRECTIONS ON OR ABOUT 2016.12.30 TIL THE PRESENT TIME HAS POISONED THE MASSES & ISPHARAOH, LIKEWISE ALSO STOLE FROM US.

(Doc. No. 1 at 3–4 (paragraph numbering omitted).) The Court is unable to plausibly infer that the named Defendants did anything illegal from these indecipherable allegations. It will therefore be recommended that this action be dismissed without prejudice for failure to state a claim.

Although the insufficiency of the Complaint is itself a basis to dismiss this action, the Court notes that the IFP application is also inadequate. Young Black Lion appears to

3

be an entity and not a natural person within the meaning of the IFP statute.[1] However, "only a natural person may qualify for treatment *in forma pauperis* under § 1915."[2] *Rowland v. Calif. Men's Colony*, 113 S. Ct. 716, 718 (1993); *Gray v. Martinez*, 352 Fed. Appx. 656, 658 (3d Cir. 2009) (unpublished); *In re Estate of Van Putten*, 553 Fed. Appx. 328 (4th Cir. 2014) (unpublished). Moreover, if Young Black Lion is an artificial entity rather than a person, it cannot prosecute its claims *pro se*. Only natural persons can represent themselves in federal court cases. *See Rowland*, 506 U.S. at 721 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Nato Indian Nation v. Utah*, 76 Fed. Appx. 854, 856 (10th Cir. 2003) ("Individuals may appear in court pro se, but a corporation, other business entity, or non-profit organization may only appear through a licensed attorney."); *Native Am. Council of Tribes v. Weber*, Civ. No. 09-4182-KES, 2011 WL 2898081, at *2 (D.S.D. July 18, 2011) ("The prohibition against corporations appearing pro se equally applies to non-profit corporations.") (citing *United We Stand v. United We Stand*, 128 F.3d 86, 88 (2d Cir. 1997)).

---

[1] The allegations regarding the nature of Young Black Lion are that it (1) is a "FIDUCIARY GUARDIAN FOR DESEAN LAMONT THOMAS AKA FOREVER ELAMEN ISPHARAOH"; (2) is "BEFORE THIS TRIBUNAL PRO SE" and (3) "IS A PUBLIC NON PROFIT" that "ACTS AS GUARDIAN IN CONSERVATORSHIP CAPACITIES, TO THE MASSES O' WRONGFULLY BRANDED MEN." (Doc. No. 1 at 2–3 (paragraph numbering omitted).) Although it is not clear from the allegations in the Complaint, it appears that "Young Black Lion" is an entity rather than a person.

[2] Even if the Court were to infer that prisoner Desean Lamont Thomas is the Plaintiff in this case, the IFP application would still be inadequate. The IFP application does not include sufficient financial information and does not include a Certificate of Authorized Prison Official for the Court to calculate an initial partial filing fee as required by 28 U.S.C. §§ 1915(a)(2) and 1915(b)(1).

The Court therefore recommends that the IFP application be denied and that this action be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 28, 2017                           __s/ BECKY R. THORSON_____
                                                                    BECKY R. THORSON
                                                                    United States Magistrate Judge

## NOTICE

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).